UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| DEVIN C. WILSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 1:10CV169 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion. For the reasons set forth below, the Motion under § 2255 is denied without a hearing.

**Movant's Claims**

Movant makes the following claims:

**Ground One, Six, Seven**: Prosecutorial Misconduct

1. During opening motions, the government and the Court conspired to dismiss two counts of possession of child pornography for the specific purpose of denying Movant the defense of mistake of age.

6. Government withheld statements of police officers regarding the victim.

7. Selective prosecution. Movant claims that Officer Brown, in allowing Movant and two naked women to leave after being stopped by Brown, was made a party to various crimes.

**Grounds Two, Four, Six, and Ten** Ineffective Assistance of Counsel

2. Counsel failed to object to dismissal of some of the charges against Movant.

4. Counsel failed to argue the terminology and application of that terminology found in the statutes giving rise to the charges against Movant.

6. Same grounds as prosecutorial misconduct as stated above.

10. Government established during the pretrial conference that the "knowingly transported" element of the case was yet to be proven; defense attorney stated in opening remarks that the "facts arising out of this case do not begin on August 21st when Devin Wilson drove Christina Walker back to Missouri."

**Ground Three:** Misinterpretation and Misapplication of 18 U.S.C. § 2423 and § 2251

Movant claims the government and the Court wrongfully dissected the wording of the statute and misapplied that misinterpretation.

**Ground Five:** Indictment Fatally Flawed

Movant argues that the victim in this case testified before the Grand Jury that she had been kidnaped and forced into prostitution. She later testified at trial that she was not kidnaped and had, in fact, been a willing participant in the entire excursion, causing the indictment to be fatally flawed.

**Ground Eight:** Insufficiency of the Evidence.

Movant was charged with felon in possession with a hand gun based on the victim's statement that she saw drugs and a gun in the closet; the apartment was not Movant's but rather, his brother's and therefore there was no evidence that he was in possession of a gun.

**Ground Nine:** Tainted Evidence

While searching Movant's vehicle, police discovered a cell phone which was not listed with particularity in the search warrant nor in the affidavit for the search warrant nor did the cell phone meet the requirements of the plain view doctrine as later claimed by the investigating officers and the government which later claimed that the cell phone was found in the residence, not Movant's vehicle. According to Movant, the cell phone was subject therefore to a warrantless search.

## Facts and Background

Movant was charged with transporting a minor across state lines for prostitution, two counts of producing child pornography, two counts of possession of child pornography, and one count of felon in possession of a firearm.

A jury trial was held, and on February 29, 2008, the jury convicted Movant of the four charges which remained from an Amended Indictment--transporting a minor across state lines for prostitution, two counts of producing child pornography and felon in possession of a firearm. The government had previously dismissed the possession of child pornography counts. Movant was sentenced to 440 months imprisonment in May, 2008.

Movant appealed his conviction, challenging the denial of his motion to suppress and the admission of the evidence therefrom, the denial of his request to present a mistake of age defense, the Court's ruling that the government did not have to prove that Movant knew the age of the victim, the validity of the

indictment, and the sufficiency of the evidence that supported his conviction. Movant's conviction was affirmed on May 14, 2009. Movant's petition for writ of certiorari was denied on January 10, 2010.

**Standards for Relief Under 28 U.S.C. 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief from a sentence imposed against him on the ground that "the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims brought under § 2255 may also be limited by procedural default. A Movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). Claims based on a federal statute or rule, rather than on a specific

constitutional guarantee, "can be raised on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Reed v. Farley*, 512 U.S. 339, 354 (1994)(quoting *Hill v. United States*, 368 U.S. 424, 477 n. 10 (1962)).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "unless the motion, files and records of the case conclusively show that the prisoner is entitled to no relief." *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994)(citing 28 U.S.C. § 2255). Thus, a "[movant] is entitled to an evidentiary hearing 'when the facts alleged, if true, would entitle [movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996)(quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043. Since the Court finds that Movant's claims can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

**Standard for Ineffective Assistance of Counsel**

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under 28 U.S.C. § 2255 rather than on direct appeal.

*United States v. Davis*, 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel's performance "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

> Under *Strickland,* a petitioner must show that his counsel's performance was both deficient and prejudicial to obtain relief. *Id.* at 687, 104 S.Ct. 2052. That is, "the movant must show that his lawyer's performance fell below the minimum standards of professional competence (deficient performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *Alaniz v. United States,* 351 F.3d 365, 367–68 (8th Cir.2003) (citing *Strickland,* 466 U.S. at 690, 694, 104 S.Ct. 2052). "Our scrutiny of counsel's performance must be 'highly deferential.'" *New v. United States,* 652 F.3d 949, 952 (8th Cir.2011) (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052).

*Hamberg v. U.S.,* 2012 WL 1058950, 2 (8th Cir 2012).

Both parts of the *Strickland* test must be met in order for an ineffective

assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.*, and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' " *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine

confidence in the outcome." ***Strickland,*** 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." ***Id.*** at 695; ***Williams v. U.S.,*** 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the ***Strickland*** test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985); ***Matthews v. United States,*** 114 F.3d 114.

Where a defendant raises multiple claims of ineffective assistance, each claim of ineffective assistance must be examined independently rather than collectively. ***Hall v. Luebbers,296*** F.3d 385, 692-693 (8th Cir.2002); ***Griffin v. Delo,*** 33 F.3d 895, 903-904 (8th Cir.1994).

## **Discussion**

### **Dismissal of Counts IV and V (Grounds One and Two)**

Rule 48(a) of the Federal Rules of Criminal Procedure provides that the government may, with leave of Court, and without the consent of the defendant,

dismiss an indictment, information or complaint prior to trial. Moreover, as the government correctly argues, Movant could not have been prejudiced by the dismissal of the charges since he was convicted of production of child pornography, an offense of which Movant's proposed defense was unavailable. Likewise, because Movant cannot establish prejudice by the dismissal of the charges, Movant cannot establish ineffective assistance of counsel for failing to object and/or appeal the dismissal of the charges.

**Government's failure to prove knowledge of victim's age (Grounds Three and Four)**

Movant argues that the government misinterpreted the language of Section 2423, seeking to impose a statutory requirement that the government prove knowledge of the victim's age by Movant. The statute includes no such requirement. See *U.S. v. Wilson*, 565 F.3d 1059, 1069 (8th Cir. 2009). Accordingly, the government's presentation of this case cannot be construed as misinterpreting § 2423. By the same token, because there is no such requirement in the statute, Movant cannot demonstrate counsel was ineffective for failing to object to the government's argument.

**Fatally Flawed Indictment (Ground Five)**

Movant raised this issue on appeal. The Eighth Circuit Court of Appeals

considered, and denied this ground for relief.

> Wilson claims that the Victim told the grand jury that he kidnapped her from Oklahoma, whereas she now acknowledges that she left with him willingly. According to the government, she never alleged to the grand jury that she had been kidnapped. The government argues that the Victim only mentioned the kidnapping in her testimony concerning what she told the police when they arrived at Wilson's residence.
>
> Regardless of which version is accurate, Wilson's challenge to the indictment is without merit because "[e]ven assuming ... that there were errors in the charging decision that may have followed from the conduct of the prosecution ..., the petit jury's guilty verdict rendered those errors harmless." *Kouba,* 822 F.2d at 774. "Except in cases involving racial discrimination in the composition of the grand jury, a guilty verdict by the petit jury generally excuses errors at the grand jury level that are 'connected with the charging decision....' " *Hintzman,* 806 F.2d at 843 ( *quoting United States v. Mechanik,* 475 U.S. 66, 70, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986)). "A petit jury's 'subsequent guilty verdict not only means that there was probable cause to believe that the defendant[ ][was] guilty as charged, but that [he was] in fact guilty as charged beyond a reasonable doubt." *Kouba,* 822 F.2d at 774 ( *quoting Mechanik,* 475 U.S. at 70, 106 S.Ct. 938).

*Wilson*, 565 F.3d at 1070.

**Withholding police statements-Prosecutorial Misconduct and Ineffective Assistance of Counsel (Ground Six)**

Movant claims that the government allowed the victim to falsely testify regarding the events surrounding the victim's transportation to Missouri. The record clearly establishes that the government addressed the inconsistencies of the victim's testimony and repeatedly pointed out that the victim willingly went with

Movant. Nothing in the record supports Movant's contention that the government acted improperly with regard to the victim's version of the events. Moreover, Movant's claim that counsel failed to impeach the victim is not supported by the record. Clearly, counsel vehemently defended Movant in his cross examination of the victim and in his arguments. As such, neither the claim of prosecutorial misconduct, nor ineffective assistance of counsel are meritorious.

**Selective Prosecution (Ground Seven)**

Movant alleges prosecutorial misconduct through "selective prosecution." Movant argues that Officer Brown had in fact become a part of Movant's crimes by allowing Movant and the nude female passengers to proceed provided the nude female would drive the vehicle with Movant as a passenger. Movant has presented no evidence to support his claim that Officer Brown was even aware of the crimes for which Movant was charged and convicted. This ground is meritless.

**Insufficiency of the Evidence (Ground Eight)**

Movant claims that there was insufficient evidence to support his conviction for possession of a firearm by a convicted felon. This claim was raised on appeal and denied by the Eighth Circuit Court of Appeals.

Regarding his conviction for being a felon in possession of a firearm,

> [Movant] stipulated that he had been previously convicted of a felony. He does not challenge the seizure of the firearm from his residence. Witnesses testified that the firearm belonged to [Movant]. This was sufficient to support a conviction under 18 U.S.C. § 922(g).

*Wilson*, 565 F.3d at 1071.

**Tainted Evidence (Ground Nine)**

Movant argues counsel was ineffective because he failed to object to the use of evidence found on his cell phone which he believes was illegally seized. The record clearly establishes that counsel filed a motion to suppress this evidence, litigate the motion, and appealed the denial of the motion to the Eighth Circuit. The Eighth Circuit sustained this Court's determination that the cell phone had been lawfully seized as it was in plain view. The phone, therefore was properly admitted into evidence. *Wilson*, 565 F.3d at 1065. Counsel therefore cannot be held to have been ineffective considering the steps he took to attempt to suppress the cell phone and the fact that the Eighth Circuit found the evidence admissible.

**Ineffective Assistance of Counsel for Admission that Movant Transported the Victim (Ground Ten)**

Movant claims counsel was ineffective for admitting that he had transported the victim across state line without the government having proven this fact. In his defense of Movant, counsel strategically focused on Movant's lack of knowledge of the victim's age rather than arguing that Movant had *not* brought her from

Oklahoma to Missouri. The record supports this strategy as sound. The victim testified that she came to Missouri with Movant; her personal belongings were found in Movant's apartment; pictures of the victim engaged in sex acts were found on Movant's cell phone and video camera; the victim was found naked riding in Movant's car. All of these facts completely derail the theory that Movant had *not* transported the victim across state lines. Rather than decrease the strength of the defense of mistake as to the victim's age with the unplausible argument that the victim did not travel with Movant across state lines, counsel's strategy to focus the defense upon Movant's mistake as to the victim's age was within the reasonable bounds of effectiveness, and thus, satisfies the *Strickland* standard. Ground Ten is therefore without merit.

**Conclusion**

Movant has failed to establish any grounds upon which to establish ineffective assistance of counsel, prosecutorial misconduct, insufficient or tainted evidence, misinterpretation of the applicable statutes, or an insufficient indictment. Movant's motion will be denied in its entirety.

**Certificate of Appealablity**

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 29th day of May, 2012.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE